ALBANY,
October, 1829.

McLachlan
v.
Wright

MCLACHLAN *vs.* WRIGHT.

*Where a mortgage of personal property was executed by a brewer of his stock on hand and the utensils of his trade, and it appeared that he was embarrassed with debts at the date of the mortgage, that the transaction was kept secret from those in his employment, that he not only continued in the possession of the property, but used and disposed of it as absolute owner, it was held, that a verdict of a jury finding against the bona fides of the transaction was right, and the court affirmed a judgment entered on such verdict, although the charge to the jury on the trial of the cause was objectionable.*

ERROR from the New-York common pleas. This was an action of trover, brought by McLachlan against Wright for the taking of two horses, two drays and the harness of the same, a pleasure wagon and harness, six or seven kegs of beer, and several empty hogsheads and barrels. The property was taken by virtue of executions on judgments in favor of Wright against one Bacon. On 24th November, 1827, Bacon (a brewer) being indebted to McLachlan in the sum of $1523, executed to him a mortgage of his stock of beer, malt and hops, together with the brewing utensils, hogsheads, barrels and kegs in the brewery; and included in the mortgage the articles above enumerated taken by the defendant, together with his household furniture and moveables in his dwelling house adjoining the brewery. The mortgage was to be void on payment of the sum of $1523 on or before the 24th May, 1828, and a stipulation was contained in it, that Bacon was to remain in the quiet and peaceable possession of the property, and in the full and free enjoyment of the same until default should be made in the payment of the money. The property mortgaged was worth about $3000. Bacon was involved in debt in the fall of 1827; the mortgage was executed to secure McLachlan, and to prevent the other creditors of Bacon from taking his property and breaking up his business. After the mortgage he continued in possession and carried on business with the knowledge of McLachlan as he had done before, in his own name, buying and selling without accounting to McLachlan or being required so to do; McLachlan being frequently in the brewery, but never interfering in the business, or intimating that he had any control over the property; no one being known by the workmen in the brewery as the owner, or as having any claim to the property except Bacon. In the month of March, 1828, the property, for the taking of which the action was brought, was levied upon by the direction of the defendant and sold. The judge in his charge to

the jury, left it to them to determine whether the transaction was *bona fide* or a mere cover to protect the property from the creditors of Bacon; and instructed them that it was questionable whether a mortgage of goods and chattels could be a lien upon such property unless it was taken possession of by the mortgagee. That this case was not like that of *Bissel* v. *Hopkins*, (3 Cowen, 166,) in which it did not appear that the mortgagee had *never* been in possession; and that the circumstances of this case were clearly distinguishable from that, and did not come within the principles established by it. The jury found for the defendant, on which judgment was entered. The cause was now brought up on a bill of exceptions.

*J. A. Spencer*, for the plaintiff in error. The charge of the judge was erroneous, and directly calculated to mislead the jury. Had it appeared that the property taken by the defendant had been acquired by Bacon subsequent to the mortgage, and was not a portion of that conveyed to the plaintiff, the jury might have been warranted in finding a verdict for the defendant; but under the evidence in this case the verdict was entirely unauthorized.

*W. Ketcham*, for defendant in error.

*By the Court*, MARCY, J. The judge in the court below intended to confirm his charge to the law of the case of *Bissel* v. *Hopkins*, (3 Cowen, 166,) but he mistook in supposing, as he seems to have done, that the mortgagee in that case had been in the actual possession of the articles mortgaged. It will appear from a critical examination of the facts of that case, that Hopkins, the mortgagee, never had the actual possession of the property in dispute. Other cases are to be found in the books similiar in this respect to *Bissel* v. *Hopkins*. The circumstances of that case were considered sufficient to repel the *prima facie* evidence of fraud arising from the continuance of the possession of the mare in Dryer, the original owner. In the case before us, I discover no circmstances to evince the *bona fides* of Ba-

ALBANY,
October, 1829.

con's possession of the property after the transfer to the plaintiff. The facts appear to me to warrant the verdict. Bacon was embarrased; the transfer of the property was kept secret, even from those in his employment; he not only had the possession of the property, but used and disposed of it as the absolute owner. No better reason can be assigned for its continuance in his possession after he had sold or mortgaged it to the plaintiff, than must have existed in every case where this continuance of possession has been adjudged fraudulent. Although the charge of the judge may be objectionable, the verdict was right, and the judgment ought not to be disturbed. (2 Wendell, 596.)

Judgment affirmed.